Brandon Hoskins
Adam J. Tunning
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Brandon.Hoskins@moultonbellingham.com
Adam.Tunning@moultonbellingham.com



CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2021 FEB -5  P 3: 14

FILED

_____
DEPUTY

Attorneys for Plaintiffs

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| YELLOWSTONE RENTAL PROPERTIES, LLC, | Cause No. DV 21-0150 |
|---|---|
| Plaintiff, | Judge __GREGORY R. TODD__ |
| -vs- | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| UNITED FINANCIAL CASUALTY COMPANY, THE PROGRESSIVE CORPORATION, BRYAN MCCLEAN, and MCCLEAN FAMILY INVESTMENTS dba MCCLEAN FAMILY INSURANCE AGENCY, | |
| Defendants. | |

Plaintiff Yellowstone Rental Properties, LLC ("Yellowstone"), for its Complaint against Defendants United Financial Casualty Company ("United"), The Progressive Corporation ("Progressive"), Bryan McClean, and McClean Family Investments d/b/a McClean Family Insurance Agency ("McClean Insurance"), states and alleges as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Yellowstone is a Montana limited liability company in good standing, with its principal office in Billings, Montana.

EXHIBIT A

2. Upon information and belief, Defendant Progressive is an Ohio Corporation with its principal office in Mayfield Village, Ohio, which provided insurance services to Rainbelt Oilfield Services, LLC meant to be utilized across state lines, including in Montana.

3. Upon information and belief, Defendant United is an Ohio Corporation with its principal office in Mayfield Village, Ohio, which provided insurance services to Rainbelt Oilfield Services, LLC meant to be utilized across state lines, including in Montana.

4. Upon information and belief, Defendant McClean Insurance is a North Dakota Limited Liability Company with its principal place of business in Fargo, North Dakota, which provided insurance services to Rainbelt Oilfield Services, LLC meant to be utilized across state lines, including in Montana.

5. In addition, Rainbelt Oilfield Services, LLC ("Rainbelt"), the insured, is a Minnesota limited liability company, which is now listed as inactive with the Minnesota and North Dakota Secretaries of State. Yellowstone was granted judgment against Rainbelt in the District Court of Yellowstone County related to an agreement between the parties to be executed and delivered in Montana.

6. Venue is proper in Yellowstone County, because the claims as alleged in the Complaint are based upon Defendants' acts, or failures to act, relating to claims, causes of action, and liability resulting from an agreement to be performed in Montana and delivered in Yellowstone County, Montana.

## GENERAL ALLEGATIONS

7. On or around April 16, 2017, Rainbelt agreed to provide services for Yellowstone to break down and transport 24 modular units (the "Units") from Bainville, MT to Billings, MT.

8. Rainbelt failed to transport the Units, and its actions caused significant damage to the Units.

9. Yellowstone sued Rainbelt in Yellowstone County for damages related to Rainbelt's negligent actions.

10. On April 16, 2018, Yellowstone filed suit against Rainbelt, asserting claims for Professional Negligence, Negligence, Breach of Contract, Unjust Enrichment/Quantum Meruit, Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligent Misrepresentation/ Constructive Fraud, and Deceit.

11. Rainbelt did not plead or otherwise defend in the case, and its default was entered on June 11, 2018.

12. On February 20 and 25 2019, the Court held a damages trial in which both Yellowstone and Rainbelt presented evidence.

13. Upon belief and information, Defendants declined participation despite notice.

14. Following trial, the Court entered an Order awarding Yellowstone damages of $1,764,827.37 resulting from Rainbelt's failure to deliver the Units and breach of the underlying contract.

15. Rainbelt was covered under a Commercial General Liability insurance policy during the time it damaged the Units.

16. The 2017 Commercial General Liability insurance policy #03122531-6 issued to Rainbelt (the "Rainbelt Policy") covered the policy period of 3/20/2017 to 3/20/2018.

17. The Rainbelt Policy was issued by Progressive through its subsidiary United.

18. The Rainbelt Policy was issued by McClean Insurance as "Producer" with Bryan McClean listed as a contact for insurer Progressive under the policy.

19. The Rainbelt Policy provided commercial general liability insurance with liability limits of $1,000,000 per occurrence and $2,000,000 in general aggregate coverage.

20. Upon information and belief, Bryan McClean was notified of a claim against the Rainbelt Policy on or about March 9, 2018, before Yellowstone filed suit against Rainbelt.

21. Bryan McClean and McClean Insurance's knowledge of Rainbelt's claim was imputed to Progressive and United. Mont. Code Ann. § 28-10-604.

22. Bryan McClean was again informed of Rainbelt's need to make a claim on December 7, 2018 and December 28, 2018.

23. In January 2019, Bryan McClean informed counsel for Rainbelt that "loss runs" would be needed to verify that insurance coverage was in force at the time Rainbelt damaged Yellowstone's Units.

24. Upon information and belief, Rainbelt contacted Progressive on or around January 2019 to request loss runs and inform Progressive of the claim.

25. Rainbelt provided loss runs to Bryan McClean on or around February 4, 2019.

26. Progressive and United did not contact Rainbelt's attorney despite repeated requests to defend and indemnify Rainbelt based on the property damage to the Units owned by Yellowstone.

27. Upon information and belief, Progressive and United never provided a reservation of rights letter to Rainbelt.

28. Progressive and United did not provide a defense for Rainbelt in its litigation with Yellowstone.

29. On May 15, 2019, the District Court of Yellowstone County issued its Findings of Fact, Conclusions of Law, and Order, ordering Yellowstone is entitled to recover $1,764,827.37 from Rainbelt.

30. In June 2019, Rainbelt again contacted Progressive to report its claim and the results of the trial.

31. Progressive and United did not contact Rainbelt following entry of judgment against it on September 23, 2019.

32. Rainbelt has not satisfied its judgment owed to Yellowstone.

33. Rainbelt has not instituted proceedings against United, Progressive, Bryan McClean, or McClean Insurance related to their failure to defend against, or pay, under the Rainbelt Policy and the judgment owed to Yellowstone.

34. Yellowstone is entitled to Rainbelt's rights against United, Progressive, Bryan McClean, and McClean Insurance.

## Count I – Violations of UTPA

35. Yellowstone incorporates the preceding allegations in this claim.

36. Yellowstone has suffered damages as a result of Progressive, United, Bryan McClean, and McClean Insurance's actions in handling Rainbelt's insurance claim.

37. Progressive, United, Bryan McClean, and McClean Insurance have a duty handling claims in Montana to understand and comply with Montana law and standards.

38. Progressive, United, Bryan McClean, and McClean Insurance violated Montana law by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Rainbelt Policy.

39. Progressive, United, Bryan McClean, and McClean Insurance violated Montana law by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

40. Progressive and United violated Montana law by refusing to pay claims without conducting a reasonable investigation based upon all available information.

41. Progressive and United violated Montana law by neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims after liability became reasonably clear.

42. Progressive and United forced Yellowstone, as a third-party claimant under Mont. Code Ann. § 33-18-242, to sue in order to recover the judgment due to it from Rainbelt and the insurers under the insurance policy.

43. A final judgment has been entered in favor of Yellowstone in the amount of $1,7694,827.37 plus interest on the underlying claim between Rainbelt and Yellowstone for property damage to the Units.

44. Progressive and United violated Montana law by failing to promptly settle claims when liability was reasonably clear and by failing to promptly provide a reasonable explanation of the basis for denial of a claim or lack of a response related to the claim.

45. Progressive, United, Bryan McClean and McClean Insurance acted in conscious or intentional disregard of the high probability of injury to Yellowstone; thus, they acted with malice under Montana law.

46. Yellowstone was damaged by Progressive, United, Bryan McClean, and McClean Insurance's violations of Montana law, and Yellowstone is entitled to an award of compensatory damages.

47. Yellowstone is also entitled to an award of punitive damages under Mont. Code Ann. §§ 33-18-242(4) and 27-1-221.

## Count II - Breach of Contract (Third-Party Claim)

48. Yellowstone incorporates the preceding allegations in this claim.

49. Progressive and United entered into an insurance contract with insured, Rainbelt.

50. The Rainbelt Policy provides Commercial General Liability coverage for Rainbelt, including coverage for Property Damage to property owned by third parties.

51. The damage caused by Rainbelt is covered under the Rainbelt Policy issued by Progressive through its subsidiary United. Bryan McClean, as insurance agent working under McClean Insurance, issued the policy to Rainbelt.

52. Progressive and United breached the Rainbelt Policy by failing to perform their obligations to Rainbelt under the insurance policy.

53. Breaches include, but are not limited to, ignoring or refusing to pay for direct physical losses covered under the policies, ignoring or refusing to defend Rainbelt in its litigation with Yellowstone, and ignoring or refusing to satisfy the judgment owed by Rainbelt to Yellowstone.

54. The Rainbelt Policy recognizes that part of Progressive and United's performance includes the obligation to pay money to satisfy Rainbelt's obligation to parties injured by Rainbelt's actions covered under the Rainbelt Policy.

55. Rainbelt caused property damage to the Units owned by Yellowstone during the time it was insured under the Rainbelt Policy.

56. Yellowstone is a third-party beneficiary under the insurance contract between Progressive, United, and Rainbelt.

57. The Rainbelt Policy recognizes a duty in Progressive and United to compensate Yellowstone, as a third-party beneficiary, for damage to Yellowstone's property that was caused by Rainbelt.

58. Rainbelt was damaged by Progressive and United's breaches, in an amount to be determined at trial.

### Count III – Negligence against Bryan McClean and McClean Insurance

59. Yellowstone incorporates the preceding allegations in this claim.

60. As insurance agent and producer for Progressive and United, McClean Insurance and Bryan McClean had a duty to exercise reasonable care, including reasonable care in notifying Progressive and United of claims made by Rainbelt.

61. Upon information and belief, Bryan McClean was aware of, and had notice of, Rainbelt's claim for injuries to Yellowstone on or about March 9, 2018.

62. Bryan McClean either negligently failed to notify Progressive or United of Rainbelt's claim or negligently delayed in reporting the claim.

63. As a result of Bryan McClean and McClean Insurance's negligence, Yellowstone has suffered damage, including attorney's fees and costs required to litigate its claims against Rainbelt.

64. For the negligence of Bryan McClean and McClean Insurance, Yellowstone is entitled to damages in an amount to be proven at trial.

### Count IV – Breach of Contract (First-Party Claim)

65. Yellowstone incorporates the preceding allegations in this claim.

66. Yellowstone is entitled to all of Rainbelt's claims, counterclaims, causes of action, choses in action, things in action, and rights to payment under the Rainbelt Policy.

67. Progressive and United entered into an insurance contract with insured, Rainbelt.

68. Progressive and United owed Rainbelt a duty to defend against Yellowstone's claims.

69. Progressive and United breached their duty to defend and/or indemnify Rainbelt.

70. Progressive and United are estopped from denying coverage and are liable for all defense costs and judgments.

71. Further, the Rainbelt Policy provides Commercial General Liability coverage for Rainbelt, including coverage for Property Damage.

72. Rainbelt caused property damage to the Units owned by Yellowstone.

73. The damage caused by Rainbelt is covered under the Rainbelt Policy issued by Progressive through its subsidiary United. McClean, as insurance agent, issued the policy to Rainbelt.

74. Progressive and United breached the insurance policy by failing to perform their obligations to Rainbelt under the insurance policy.

75. Breaches include, but are not limited to, ignoring or refusing to pay for direct physical losses covered under the policies, ignoring or refusing to defend Rainbelt in its litigation with Yellowstone, and ignoring or refusing to satisfy the judgment owed by the insured to Yellowstone.

76. Rainbelt was damaged by Progressive and United's breaches of contract.

77. Yellowstone is owner of Rainbelt's rights to causes of action or things in action against United, Progressive, Bryan McClean, and McClean Insurance.

78. Yellowstone is entitled to recover for damages caused by breaches of the insurance contract between Progressive, United, and Rainbelt.

### Count V – Violations of UTPA (First-Party Claim)

79. Yellowstone incorporates the preceding allegations in this claim.

80. Yellowstone is entitled to all of Rainbelt's claims, counterclaims, causes of action, choses in action, things in action, and rights to payment under the insurance policy issued to Rainbelt by Progressive and United through Bryan McClean and McClean Insurance.

81. Progressive, United, Bryan McClean, and McClean Insurance have a duty handling claims in Montana to understand and comply with Montana law and standards.

82. Progressive, United, Bryan McClean, and McClean Insurance violated Montana law by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Rainbelt Policy.

83. Progressive, United, Bryan McClean, and McClean Insurance violated Montana law by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

84. Progressive and United violated Montana law by refusing to pay claims without conducting a reasonable investigation based upon all available information.

85. Progressive and United violated Montana law by neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims after liability became reasonably clear.

86. Progressive and United forced Yellowstone, as a successor-owner of Rainbelt's rights under the insurance contract, to sue under Mont. Code Ann. § 33-18-242 in order to recover the amounts due to Rainbelt under the insurance policy.

87. Progressive and United violated Montana law by failing to promptly settle claims when liability has become reasonably clear and to promptly provide a reasonable explanation of the basis for denial of a claim or lack of a response related to the claim.

88. Progressive, United, Bryan McClean and McClean Insurance acted in conscious or intentional disregard of the high probability of injury to Rainbelt; thus, they acted with malice under Montana law.

89. Rainbelt was damaged by Progressive, United, Bryan McClean, and McClean Insurance's violations of Montana law. Yellowstone, as successor-owner of Rainbelt's rights under the Rainbelt Policy, is entitled to Rainbelt's damages for Progressive, United, Bryan McClean and McClean Insurance's violations under the Montana Unfair Trade Practices Act.

90. Yellowstone, as successor-owner of Rainbelt's claims is also entitled to an award of punitive damages under Mont. Code Ann. §§ 33-18-242(4) and 27-1-221.

**WHEREFORE,** Yellowstone prays for judgment against Progressive, United, Bryan McClean and McClean Insurance, an award of compensatory and punitive damages to be determined at trial, reimbursement of attorney fees and costs, and such other and further relief as this court deems proper.

### PLAINTIFF DEMANDS TRIAL BY JURY

DATED this 9th day of February, 2021.

MOULTON BELLINGHAM PC

By _/s/ Brandon Hoskins_
Brandon Hoskins
Adam J. Tunning
27 North 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559

Attorneys for Plaintiffs

| | |
|---|---|
| YELLOWSTONE RENTAL PROPERTIES, LLC,<br><br>Plaintiff,<br><br>-vs-<br><br>UNITED FINANCIAL CASUALTY COMPANY, THE PROGRESSIVE CORPORATION; BRYAN MCCLEAN, and MCCLEAN FAMILY INVESTMENTS dba MCCLEAN FAMILY INSURANCE AGENCY,<br><br>Defendants. | Cause No. DV 21-0150<br>Judge GREGORY R. TODD<br><br>SUMMONS |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT: THE PROGRESSIVE CORPORATION.**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer within twenty-one (21) days after service of this Summons, exclusive of the day of service, and serve a copy thereof upon the Plaintiff's attorney – name and address as follows:

> Brandon Hoskins
> Moulton Bellingham PC
> 27 North 27th Street, Suite 1900
> P. O. Box 2559
> Billings, Montana 59101 (59103-2559)

1

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint

You must also file your Answer or Motion with the Court.

DATED this 5 day of February, 2021.

(Seal)

CLERK OF DISTRICT COURT

By _Darah McCarty_

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2021 FEB -5 P 3: 20

FILED

BY_____
DEPUTY

**CT Corporation**

**Service of Process Transmittal**
06/17/2021
CT Log Number 539752163

| | |
|---|---|
| **TO:** | James E. Matoh<br>Progressive Casualty Insurance Company<br>6055 Parkland Blvd<br>Mayfield Heights, OH 44124-6105 |
| **RE:** | **Process Served in Ohio** |
| **FOR:** | The Progressive Corporation  (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | YELLOWSTONE RENTAL PROPERTIES, LLC, PLTF. vs. UNITED FINANCIAL CASUALTY COMPANY, ET AL., DFTS. // TO: THE PROGRESSIVE CORPORATION |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | THIRTEENTH JUDICIAL DISTRICT COURT OF YELLOWSTONE COUNTY, MT<br>Case # DV210150 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/17/2021 at 14:52 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this Summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brandon Hoskins<br>Moulton Bellingham PC<br>27 North 27th Street, Suite 1900<br>P. O. Box 2559<br>Billings, MT 59103<br>406-248-7731 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/17/2021, Expected Purge Date: 06/22/2021<br><br>Image SOP<br><br>Email Notification,  Regina Smith  Regina_Smith@Progressive.com<br><br>Email Notification,  James E. Matoh  JMatoh@progressive.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

**CT Corporation**

**Service of Process Transmittal**
06/17/2021
CT Log Number 539752163

**TO:** James E. Matoh
Progressive Casualty Insurance Company
6055 Parkland Blvd
Mayfield Heights, OH 44124-6105

**RE:** **Process Served in Ohio**

**FOR:** The Progressive Corporation  (Domestic State: OH)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jun 17, 2021

**Server Name:** Ron Freeman

| Entity Served | THE PROGRESSIVE CORPORATION |
|---|---|
| Case Number | DV 21-0150 |
| Jurisdiction | OH |

