IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YELLOWSTONE RENTAL PROPERTIES, LLC, | CV 21-79-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| UNITED FINANCIAL CASUALTY COMPANY; THE PROGRESSIVE CORPORATION; BRYAN MCCLEAN; MCCLEAN FAMILY INVESTMENTS, *d/b/a* MCCLEAN FAMILY INSURANCE AGENCY; NORTHERN STATES AGENCY, INC.; and KRAFT LAKE INSURANCE AGENCY, INC., | |
| Defendants. | |

This action was originally brought by Plaintiff Yellowstone Rental

Properties, LLC ("Yellowstone"), in the Montana Thirteenth Judicial District

Court, Yellowstone County (DV 21-0150), on February 5, 2021, against United

Financial Casualty Company ("United"), The Progressive Corporation

("Progressive"), Bryan McClean ("McClean"), and McClean Family Investments

d/b/a McClean Family Insurance Agency ("McClean Insurance"). (Doc. 4.)

Defendants United and Progressive timely removed the action to this Court,

invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

On March 17, 2022, Yellowstone filed its First Amended Complaint, joining Defendants Northern States Agency, Inc. ("Northern States") and Kraft Lake Insurance Agency, Inc. ("Kraft Lake"). (Doc. 30.)

Presently before the Court is Northern States' Motion to Dismiss. (Doc. 47.) The motion is fully briefed and ripe for the Court's review. (Docs. 48, 50, 51.) For the following reasons, the Court recommends that Northern States' motion be **DENIED**.

## I.   Background

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all material allegations in the complaint as true. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). The following facts are taken from Yellowstone's First Amended Complaint.

On about April 16, 2017, Rainbelt Oilfield Services, LLC ("Rainbelt"), agreed to break down and transport twenty-four modular units from Bainville, Montana, to Billings, Montana, for Yellowstone. (Doc. 30 at ¶ 9.) Rainbelt failed to transport the units, resulting in significant damage. (*Id.* at ¶ 10.) Yellowstone subsequently filed suit against Rainbelt in state court on April 16, 2018, for damages. (*Id.* at ¶¶ 11-12.) Rainbelt did not defend, and default was entered on June 11, 2018. (*Id.* at ¶ 11.)

Yellowstone alleges Defendants provided insurance services to Rainbelt but did not defend Rainbelt, despite their knowledge of the suit.  (*Id.* at ¶¶ 2-6, 15.)  At the relevant time, Rainbelt had two insurance policies: (1) a 2017 Commercial General Liability Policy, #3EL3142 ("CGL Policy"); and (2) a 2017 Automobile Liability Policy, #03122531-2 ("Auto Policy").  (*Id.* at ¶¶ 18, 20.)  The CGL Policy coverage ran from March 20, 2017, to March 20, 2018 (*Id.* at ¶ 18); the Auto Policy provided coverage from November 26, 2016, to November 25, 2017 (*Id.* at ¶ 20).  The First Amended Complaint alleges that the CGL Policy was issued by Northern States or Progressive, and the Auto Policy by Progressive through its subsidiary, United.  (*Id.* at ¶¶ 22, 24.)  McClean Insurance issued both policies, and McClean was listed as a contact for the insurers under the policies. (*Id.* at ¶¶ 23, 25.)

Yellowstone asserts McClean was notified of the claim against the CGL Policy or the Auto Policy on about March 9, 2018, before Yellowstone filed suit against Rainbelt.  (*Id.* at ¶ 28.)  McClean was allegedly informed again on December 7 and 28, 2018, of Rainbelt's need to make a claim.  (*Id.* at ¶ 30.)

In January 2019, McClean informed Rainbelt that "loss runs" were needed to verify insurance coverage.  (*Id*. at ¶ 31.)  Rainbelt contacted Progressive in January 2019 to request loss runs and inform Progressive of the claim.  (*Id.* at ¶ 32.)  Rainbelt provided loss runs to McClean on about February 4, 2019.  (*Id.* at ¶

3

33.)  Nevertheless, United, Progressive, Northern States, and Kraft Lake did not respond to Rainbelt's requests for defense and indemnification or provide a reservation of rights letter.  (*Id.* at ¶¶ 34-36.)

After Rainbelt's default was entered, a damages trial was held before the Yellowstone County District Court on February 20 and 25, 2019, and Yellowstone and Rainbelt presented evidence.  (*Id.* at ¶ 14.)  On May 15, the district court entered findings of fact and conclusions of law, finding that Yellowstone was entitled to recover $1,764,827.37 in damages from Rainbelt.  (*Id.* at ¶ 37.)  In June 2019, Rainbelt again reported the claim to Progressive.  (*Id.* at ¶ 38.)  Final judgment was subsequently entered against Rainbelt on September 23, 2019.  (*Id.* at ¶ 39.)  Rainbelt has not satisfied its judgment.  (*Id.* at ¶ 40.)  Defendants United, Progressive, Northern States, and Kraft Lake did not contact Rainbelt following entry of judgment, and Rainbelt has not instituted proceedings against Defendants. (*Id.* at ¶¶ 39, 41.)

Based on the foregoing, Yellowstone pleads four causes of action: (Count I) a third-party breach of contract claim; (Count II) negligence against McClean and McClean Insurance; (Count III) a first-party breach of contract claim; and (Count IV) a first-party claim for violations of Montana's Unfair Trade Practices Act. (*See* Doc. 30.)

4

Northern States moves to dismiss Counts I, III, and IV of Yellowstone's

First Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P.

12(b)(6).  (*See* Doc. 48.)

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for

failure to state a claim upon which relief can be granted.  "Dismissal under Rule

12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal

theory or (2) fails to allege sufficient facts to support a cognizable legal theory."

*Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v.

Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's

standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires

that a pleading contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

(quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

A plausibility determination is context specific, and courts must draw on judicial

experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

## III.   Discussion

In support of its Motion to Dismiss, Northern States filed the affidavit of its Vice President, Brent D. FitzPatrick. (Doc. 48-1). Mr. FitzPatrick describes the nature of Northern States' business, denies insuring Yellowstone, and generally denies receiving notice of the underlying action. Both parties have also filed

certificates of liability insurance (Docs. 49-1 and 50-1), and Northern States has
also filed what purports to be the CGL Policy at issue (Doc. 56).

In general, in considering a motion to dismiss under Rule 12(b)(6) a court
may not consider material outside of the complaint. *Khoja v. Orexigen
Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). *See also Cervantes v. City
of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the
complaint; evidence outside the pleadings . . . cannot normally be considered in
deciding a 12(b)(6) motion.") (internal quotations and citation omitted). If a court
considers documents outside of the pleadings, a Rule 12(b)(6) motion must be
converted to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a
motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and
not excluded by the court, the motion must be treated as one for summary
judgment under Rule 56.").

In certain circumstances, however, extrinsic evidence properly submitted as
part of the complaint may be considered without converting a Rule 12(b)(6)
motion to a motion for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688
(9th Cir. 2001). This includes materials that are not physically attached to the
complaint "if the documents' authenticity . . . [are] not contested and the plaintiff's
complaint necessarily relies on them." *Id.* (internal quotations and citation
omitted). *See also U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a

document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Here, the First Amended Complaint specifically identifies the CGL Policy, #3EL3142, and Auto Policy, #03122531-2. (Doc. 30 at ¶¶ 18, 20.) Neither policy was attached to the First Amended Complaint. As noted above, however, Northern States attached a certificate of liability insurance to Mr. FitzPatrick's affidavit. This certificate lists Progressive as Rainbelt's insurer for the CGL Policy, #3EL3142, and Auto Policy, #03122531-2. (*See* Doc. 49-1.)

In its response, Yellowstone argues that Northern States filed the wrong certificate, and it filed a different certificate of insurance. This certificate lists "Northern State Agency" as the insurer for the CGL Policy. (*See* Doc. 50-1.)

Finally, after briefing was complete, Northern States filed a notice of supplemental evidence, which appears to be the CGL Policy, #3EL3142. The policy identifies the insurer as Evanston Insurance Company. (*See* Doc. 56.) Yellowstone did not respond to the notice.

From their submissions and their arguments, the parties appear to dispute the authenticity of the documents submitted by the other party, or at least question their application to this case. The documents also provide conflicting evidence as to the identity of Rainbelt's insurer, and provide no information as to the

relationship between the various insurance companies with each other and with the Defendant insurance agencies.  Therefore, although the policies are referenced in the First Amended Complaint, the authenticity of the documents submitted by the parties are not undisputed, their application to this case is not clear, and the documents should not be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss.

As noted above, however, the Court has discretion to consider these documents, and the affidavit of Mr. Fitzpatrick, by converting this motion to dismiss to a motion for summary judgment.  But the Court declines to do so.  The Federal Rules of Civil Procedure and the Local Rules provide a procedure for properly submitting motions for summary judgment, identifying which facts are undisputed and which facts are disputed, and determining whether summary judgment is appropriate.  Northern States is free to file a motion for summary judgment in accordance with Fed. R. Civ. P. 56 and L.R. 56.  If Northern States choses to do so, both parties will have "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  The Court, therefore, will not consider Mr. FitzPatrick's affidavit, the certificates of insurance, or the insurance policy submitted by the parties, and will look only to the face of Yellowstone's First Amended Complaint in considering Northern States' Motion to Dismiss.

**A.      Breach of Contract Claims – Counts I and III**

Northern States makes two arguments for dismissal of Yellowstone's breach of contract claims.  First, it argues that the third-party breach of contract claim (Count I) and the first-party breach of contract claim (Count III) must be dismissed because Yellowstone only alleges the existence of a contract between Rainbelt and Northern States based on "information and belief."  (Doc. 48 at 13.)  Second, it argues dismissal of the third-party claim (Count I) is appropriate because Yellowstone failed to plead, on the face of the contract, that it was an intended third-party beneficiary.  (*Id.* at 13-14.)  The Court will address each argument in turn.

**1.      *"Information and Belief"***

"Allegations on information and belief are ones where the person making the allegations does not have personal knowledge." *Gonzalez v. Cty. of Merced*, 2017 WL 2345681, at *7 (E.D. Cal. May 30, 2017).  A plaintiff is not prevented, however, "from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

Here, Yellowstone alleges that Northern States provided insurance services to Rainbelt "upon information and belief." (Doc. 30 at ¶ 4.)  At this early stage, the facts relevant to Rainbelt's insurers are only known by the Defendants.  As such, pleading "upon information and belief" is sufficient, and does render the First Amended Complaint deficient.  Counts I and III should not be dismissed for failure to state a claim on this basis.

### 2.    *Third-Party Beneficiary*

Under Montana law, "a person must be an *intended* beneficiary in order to seek enforcement of a contract to which it is not a party." *Turner v. Wells Fargo Bank, NA*, 291 P.3d 1082, 1086 (Mont. 2012) (citing *Dick Anderson Constr., Inc. v. Monroe Contrs. Co., LLC*, 221 P.3d 675, 685 (Mont. 2009)) (emphasis in original).  A plaintiff cannot assume he is an intended beneficiary, but instead, must show from the face of the contract that he was intended to benefit from it. *Kurtzenacker v. Davis Surveying, Inc.*, 278 P.3d 1002, 1006 (Mont. 2012).

Here, Yellowstone alleges that the CGL Policy and the Auto Policy "recognize a duty in . . . Northern States . . . to compensate Yellowstone, as a third-party beneficiary, for damage to Yellowstone's property that was caused by Rainbelt." (Doc. 30 at ¶ 53).  For sure, Yellowstone cannot claim to be a third-party beneficiary merely because it contracted with Rainbelt, the insured. *See Deschamps v. Farwest Rock, LTD*, 474 P.3d 1282, 1286 (Mont. 2020) (Montana

11

law "makes clear that simply expecting to benefit from the performance of a contract does not grant a non-party the intended third-party beneficiary status necessary to enforce a contract."); *Williamson v. Mont. Pub. Serv. Comm'n*, 272 P.3d 71, 85 (Mont. 2012) ("[N]ot everyone who may benefit from performance, or suffer from nonperformance, of a contract between two other parties is permitted to enforce the contract."). But, contrary to Northern States' argument, the above-quoted language in the First Amended Complaint explicitly alleges that the insurance contract recognizes Yellowstone as an intended third-party beneficiary. This allegation must be accepted as true, even if doubtful. *Twombly*, 550 U.S. at 555-56. The Court, therefore, cannot find from the face of the complaint alone that Yellowstone is not an intended beneficiary. Dismissal of Count I is thus inappropriate at this time.

**B.    First-Party UTPA Claim – Count IV**

Northern States also argues that Yellowstone's Unfair Trade Practices Act ("UTPA") claim in Count IV must be dismissed because it is barred by the statute of limitations. (Doc. 48 at 6.) Yellowstone counters that its claim should not be dismissed because the complaint does not specifically plead when Northern States' alleged violations occurred. (Doc. 50 at 6-7.) In the alternative, to the extent an accrual date is apparent, Yellowstone maintains its claims against Northern States

12

are timely because they relate back to February 5, 2021, the date the original complaint was filed.  (*Id.* at 7-13.)

On a Rule 12(b)(6) motion to dismiss, a statute-of-limitations defense may only be raised if the running of the statute is apparent on the face of the complaint. *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019). Because the statute of limitations is an affirmative defense, the defendant must prove that the action is time barred.  Fed. R. Civ. P. 8(c)(1); *Bianco v. Warner*, 562 F. Supp. 3d 526, 530 (C.D. Cal. 2021).  As such, a motion to dismiss, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  *See also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").  If there are questions of fact as to the applicability of the statute of limitations, the motion to dismiss should be denied.  *Joe Hand Promotions*, 423 F. Supp. 3d at 782.  The Court, thus, must look

to the complaint to determine whether the plaintiff has pled facts to show the action is time barred.  *Id.*

The UTPA regulates an insurer's relationship with an insured or third-party claimant and prohibits certain claim settlement practices.  Montana Code Annotated § 33-18-201 (2021).  The UTPA further provides for, and limits, the causes of action an insured or a third-party claimant may bring against an insurer for damages in connection with the handling of an insurance claim.  § 33-18-242.  An insured must commence an action under the UTPA within two years from the date of the violation.  § 33-18-242(7)(a).  Under Montana law, the limitation period begins when the claim or cause of action accrues, unless otherwise provided.  § 27-2-102(2).  "[A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred . . . ."  § 27-2-102(1)(a).

Here, it is not clear from the face of the complaint when the claim accrued.  Yellowstone's First Amended Complaint does not contain specific timeframes for its allegations against Northern States.  It alleges, for example, that Northern States failed to acknowledge and act promptly to communications regarding claims under the CGL Policy and Auto Policy, refused to pay claims without investigating, and failed to promptly settle the claims.  (Doc. 30 at ¶¶ 82, 84, 87.)  But the complaint does not specify when these acts occurred.

14

Moreover, whether the filing of this action against Northern States is timely may depend upon whether the claim in the First Amended Complaint relates back to the initial filing date of this case.  This action was first asserted against Northern States when the First Amended Complaint was filed on March 17, 2022. If the date of filing the First Amended Complaint is the effective date for commencement of this action against Northern States, then the action must have accrued on or after March 17, 2020, to come within the two-year statute of limitations.  But Yellowstone's initial complaint was filed on February 5, 2021. Therefore, if Yellowstone's claim against Northern States relates back to the filing of the initial complaint, it must have accrued on or after February 5, 2019, to be timely.

There are several events alleged in the First Amended Complaint that occurred after February 5, 2019, and may be relevant to when this action accrued. For example, the damages trial, the district court's findings and conclusions, and the entry of final judgment all occurred after February 5, 2019.  It is also alleged that Rainbelt provided requested coverage information to McClean on or about February 4, 2019, and Defendants, including Northern States, did not respond.

Relation back of amendments is governed by Fed. R. Civ. Pro. 15(c)(1)(C), which provides as follows:

> An amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against

15

whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, for an amendment to relate back to the date of the original pleading under 15(c)(1)(C), the amendment must (1) "change the party or the naming of the party"[1] and (2) "assert a claim or defense that arose out of the conduct, transactions, or occurrence set out . . . in the original pleading" (Rule 15(c)(1)(B)), and the party brought in must have (3) received notice of the action within the time parameters of Rule 4(m) and (4) known or should have known that the action would have been brought against it but for a mistake. *Draves v. Big Dutchman, Inc.*, 2013 WL 1715477, at *3 (D. Idaho Apr. 19, 2013).

It is unclear whether relation-back under Rule 15(c)(1)(C) is applicable here. From the face of the complaint, it cannot be discerned when, and if, Northern States received notice of the action and if it knew or should have known that the action would have been brought against it but for a mistake.  Therefore, it is

---

[1] The Ninth Circuit has not addressed whether the addition of a party constitutes a "change" under Rule 15(c)(1)(C). *See Telesaurus VPC, LLC v. Power*, 2011 WL 5024239, at *4-6 (D. Ariz. Oct. 21, 2011).  *Cf. U.S. v. Rite Aid Corp.*, 2021 WL 1295391, at *4 (E.D. Cal. Apr. 7, 2021).

uncertain whether the operative date for commencement of the action is filing the initial complaint or amended complaint.

In sum, neither the time of accrual of a claim against Northern States, nor the effective date for the commencement of this action against Northern States, is clear from the First Amended Complaint. Dismissal of Count IV based on the statutes of limitations is, therefore, not appropriate at this time.

## IV.    Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Northern States' Motion to Dismiss (Doc. 47) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived. D. Mont. L.R. 72.3.

DATED this 31st day of January, 2023.

TIMOTHY J. CAVAN
United States Magistrate Judge